### STATE ex HOWELL v SHAEFFER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1514. Decided Sept 16, 1938

Nicholas F. Nolan, Prosecuting Attorney, Dayton, E. E. Duncan, Asst. Pros Attorney, Dayton, for respondent.

William M. Matthews, City Solicitor, Dayton, for relator.

## OPINION

### By THE COURT

The above entitled cause is now being determined on motion of respondent to require relator to make his petition more definite and certain.

The action is one in mandamus in which relator prays that a writ may issue commanding the respondent to draw twenty names from the jury wheel to serve as a jury in a criminal action pending before relator as judge of the Municipal Court of Oakwood, Ohio.

The petition, among other things, alleges that the relator is the duly elected and qualified judge of the Municipal Court of Oakwood, Ohio, and that he is now holding said office and performing the duties thereof.

It is further alleged that a certain proceeding is pending in said court wherein one Mary Mikesell is the defendant; that the said defendant is charged with the violation of a certain ordinance of the City of Oakwood, and that such ordinance provides that persons found guilty of the violation thereof, may, under certain conditions in addition to being fined may be sentenced to imprisonment in the county jail or workhouse for a period of not more than five days.

It is further alleged that certain action had been taken by the defendant, the said Mary Mikesell, that requires the submission of said proceedings to a jury in accordance with the general laws of the state of Ohio and the constitutional rights of said defendant, Mary Mikesell.

It is then alleged that pursuant to the provisions of law in such case made and provided relator has heretofore requested respondent to draw from the jury wheel twenty names and to certify said names so drawn; said names to constitute a venire for the jury in said proceeding in the Municipal Court of Oakwood, Ohio. Said respondent has failed and refused to draw said names and/or to certify said venire.

Relator further says that said duty to draw said names and certify said venire is specifically enjoined upon the respondent herein by the laws of the State of Ohio. Then follows the prayer.

Respondent's motion is in the words following:

"1. To set forth in the third paragraph of said petition what action has been taken by the defendant, Mary Mikesell that required the submission of said proceedings to a jury in accordance with the general laws of the State of Ohio and the constitutional rights of said defendant;

"2. To set out in the fourth paragraph of said petition whether or not said cause has been assigned for trial, the time thereof and the provisions of law which relator says he pursued and the date he requested the respondent herein to draw a venire from said jury wheel;

"3. In connection with the fifth paragraph of said petition, to set out whether or not he has a plain and adequate remedy in the ordinary course of law, and what steps, if any, have been taken to exhaust such."

Sec 13424-1 GC, reads as follows:

"Sec 13424-1 GC. WHEN IMPRISONMENT IS PART OF THE PUNISHMENT; WHEN A JURY SHALL BE IMPANELED. In prosecutions before a magistrate, when imprisonment is a part of the punishment, if a trial by jury is demanded, the magistrate, not less than three days nor more than five days before the time fixed for trial, shall certify to the clerk of the Court of Common Pleas of the county that such prosecution is pending before him. Failure to demand a jury as in this section pro-

vided shall be deemed a waiver of the same."

Sec 13424-2 GC, provides in substance that it is the duty of the clerk to thereupon draw from the jury wheel twenty names and certify the same as so drawn to the magistrate.

The first and second grounds of the motion raised questions of infirmities in the petition in the light of the provisions of the above quoted section §13424-1 GC. The above section provides that, "if a trial by jury is demanded, the magistrate shall" etc. The petition states that,         ,
"Certain action has been taken by the defendant, said Mary Mikesell, that requires the submission of said proceedings to a jury", etc.

The section also provides that the magistrate "not less than three days nor more than five days before the time fixed for trial, shall certify", etc. The petition does not set forth the time set for trial. It is our judgment that all that is required of the relator to set forth in his petition for writ of mandamus are such facts as will show that it generally has final jurisdiction in the stated action, and that the penalty prescribed may be imprisonment. The procedural steps are not a matter of concern to the respondent.

Where any court has general jurisdiction of the subject matter it will be presumed, no evidence showing to the contrary, that adequate facts existed supporting the question of the court's jurisdiction. State ex Kennelly et, v Miller, Judge, et, 43 Oh Ap 173. A Municipal Court is specifically defined under §13422-1 GC as a magistrate's court. Counsel for respondent cite the case of State ex Hilt, J.P. v Renz, Clerk of Courts, 5 Oh Ap 421. This cited case is similar to the instant case in that it was a mandamus suit seeking to require the clerk to draw a list of jurors from the wheel and certify the same to the magistrate. The case is to be distinguished from the instant case in that it affirmatively appeared in the petition that the magistrate did not have jurisdiction to try the case to a jury. The reverse appears in the instant case.

. The third ground of the motion asks that the relator be required to set out in his petition whether or not he has a plain and adequate remedy in the ordinary course of law, etc.

Of course a writ of mandamus is an extraordinary proceeding and will not issue unless a petitioner has no adequate remedy at law. It is never necessary to specifically set this out in the exact words, but it must appear from the pleading as a whole that such fact exists. The petition seeks to have the respondent clerk of court comply with the statute. It is further alleged that he refused so to do. It therefore follows that the only remedy is through mandamus.

The respondent's motion to strike will be overruled.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.